IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEBORAH A. KHALIL-AMBROUZOU  \*
       Plaintiff,
  v.                                \*  CIVIL ACTION NO. PX-17-2520

JOHNNIE L. PARKER, JR.        \*
       Defendant.
\*\*\*\*\*

**<u>MEMORANDUM OPINION</u>**

On August 30, 2017, Johnnie L. Parker, Jr., claiming residency in San Marcos, Texas, filed a fee-paid Notice of Removal (ECF No. 1), seeking to remove from the Circuit Court for Prince George's County a common law tort claim filed by his mother, Deborah Khalil-Ambrouzou. A review of the state court docket shows that Plaintiff filed this matter, styled *Khalil-Ambrouzou v. Parker,* Case No. CAK16-46660, in state court on December 17, 2016.[1] The docket further shows that Khalil-Ambrouzou had some difficulty formally serving process on Parker, and that Circuit Court Judge Beverly J. Woodard granted Khalil-Ambrouzou's renewed motion for alternative service. *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=CAL1646660&loc=65&detailLoc=PGV.

At some point in the state court proceeding, Parker became aware that the complaint had been filed against him. Parker, however, contends that he has not yet received a copy of the summons or complaint from Deborah Khalil-Ambrouzou's attorney. ECF No. 14. Parker provided this Court uncertified copies of his motion to dismiss, Khalil-Ambrouzou's motion for

---

[1] Khalil-Ambrouzou's Motion for Order of Default and affidavit provide some clarity as to the background of the tort claim. It apparently arose from an alleged assault and battery committed on Khalil-Ambrouzou by Parker on or about April 16, 2016, in Khalil-Amborozou's home in which Parker lived. ECF Nos. 3 & 4.

order of default and default judgment, Khalil-Amborozou's affidavit, his opposition to the motion for default, notice of request for summons and notice of change of address, notice of intention to defend, the state court docket sheet, and his notice of removal, all of which were filed in the Circuit Court for Prince George's County. ECF Nos. 2-9. Parker did not, however, provide this Court a copy of the state court complaint as required under 28 U.S.C. § 1446(a).[2]

Pending before the court is Khalil-Ambrouzou's Motion for Order of Default and Default Judgment (ECF No. 3), Motion for Leave to Proceed In Forma Pauperis, (ECF No. 16), and Motion to Remand (ECF No. 18). Parker opposes the entry of default judgment and the Motion to Remand. ECF Nos. 5 & 20.

In his Notice of Removal, Parker states that removal is appropriate under 28 U.S.C. § 1332 "because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00…exclusive of interest and costs." ECF No. 1. He provides proof of domicile, namely a Texas driver's license dated August 15, 2017, and a Texas voter registration card dated September 14, 2017.

Title 28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

---

[2] 28 U.S.C. § 1446(a) generally requires that defendant or defendants who desire to remove any civil action from a state court "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a shot and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders, served upon defendant or defendants in such action."

Title 28 U.S.C. § 1447(c) provides that:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

A civil action filed in state court may be removed to federal court if it is one over which the district court maintains original jurisdiction. 28 U.S.C. § 1441(a). The burden of demonstrating jurisdiction or propriety of removal rests with the removing party. *Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 815 (4th Cir. 2004); *see also McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010); *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010). Therefore, "[i]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

As courts of limited jurisdiction, a federal court "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Further, a federal court must presume that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). A federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also*

3

*Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006). Indeed, a federal court "should construe removal statutes narrowly, [with] any doubts...resolved in favor of state court jurisdiction." *Barbour v. Int'l, Union,* 640 F.3d at 617 (abrogated in part on other grounds by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112–63, 125 Stat. 758 (Dec. 7, 2011)); *see also Cohn v. Charles*, 857 F.Supp.2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court.").

Usually, when determining diversity between citizens for removal purposes, "[d]iversity must be established at the time of removal." *Higgins v. E.I. DuPont de Nemours & Co.,* 863 F.2d 1162, 1166 (4th Cir. 1988). That said, "[d]iversity may be created after the filing of a complaint through voluntary acts of *the plaintiff*." *Yarnevic v. Brink's Inc.,* 102 F.3d 753, 754 (4th Cir. 1996) (emphasis added). "The rationale for this rule is that although a defendant should not be allowed to change his domicile after the complaint is filed for the sole purpose of effectuating removal, there is no reason to protect the plaintiff against the adverse consequences of his own voluntary acts." *Id.* at 754-55.

The tort suit was filed in state court in 2016. To establish proof of domicile, Parker presents two Texas identification cards issued in August and September of 2017. ECF No. 1-2. Khalil-Ambrouzou, however, presents a copy of Parker's Maryland driver's license which was issued in October of 2014 and which remains valid through October of 2020. This license reflects a Maryland residence for Parker. ECF No. 18. Accordingly, Parker has not demonstrated that he was *not* a Maryland resident as of August of 2016. Parker, therefore, cannot demonstrate diversity of citizenship at the time the Complaint was filed, and more to the point, he cannot manufacture jurisdiction by presenting evidence concerning possible residence for a

4

time *after* the filing of the Complaint. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citations omitted). Additionally, because this Court does not retain original jurisdiction over state common law tort claims, this Court otherwise lacks jurisdiction over the matter. Plaintiff Khalil-Amborozou's Motion to Remand shall be granted.

Plaintiff also moved for Leave to Proceed In Forma Pauperis. Because Plaintiff was not the moving party who filed the Notice of Removal, Khalil-Ambrouzou is not responsible for the payment of the $400.00 civil filing fee. Therefore, her Motion shall be dismissed as moot.

Finally, Khalil-Amborozou's Motion for Default shall be denied without prejudice. Khalil-Ambrouzou may refile that Motion in the state court tort case. An Order follows.

Date: March 27, 2018                           /S/
                                               Paula Xinis
                                               United States District Judge